# KESTENBAUM, DANNENBERG &amp; KLEIN

ATTORNEYS AND COUNSELORS AT LAW

260 MADISON AVENUE • 17th FLOOR
NEW YORK, NEW YORK 10016
(212) 486-3370 • Fax: (212) 486-3371
www.kdklaw.com

**Jeffrey C. Dannenberg, Esq.**
Member of NY and CT Bars
Email: jdannenberg@kdklaw.com

Connecticut Office:
55 Greens Farms Road
Westport, CT 06880
(203) 319-9600

November 7, 2019

**VIA ECF FILING**

Honorable George B. Daniels
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11A
New York, NY 10007

SO ORDERED

The initial conference is adjourned from November 12, 2019 to February 18, 2020 at 9:30 a.m.

*[signature]*
HON. GEORGE B. DANIELS

Re: *Trans Commodities, Inc. v. Rashid Temirbulatovich Sarsenov, etc.*
S.D.N.Y. Case No. 19 Civ. 3874 (GBD)
Request for Adjournment of Initial Pretrial Conference

Dear Judge Daniels:

I am the attorney for plaintiff in the above-referenced action, in which the Court has scheduled an Initial Pretrial Conference for November 12, 2019 at 9:45 am.

Although the plaintiff in this action is a New York corporation, the defendants include both individuals and business entities, all residing or based in the Republic of Kazakhstan. To date, service has not been made on any of the defendants (and, therefore, no appearance has been made by any opposing counsel), as a result of which it is respectfully suggested that an appearance before the Court on the scheduled Conference date would not be fruitful. We have previously requested an adjournment of the Initial Pretrial Conference, and we seek this additional adjournment not just because of the lack of service, and our therefore not yet having obtained jurisdiction over any of the defendants, but also because there are ongoing efforts at communications between intermediaries for plaintiff and the principal defendant, Mr. Sarsenov, in order to resolve the entire dispute.

Based upon the foregoing, it is respectfully requested that the date and time of the Initial Pretrial Conference be postponed for at least ninety (90) days, in order to allow plaintiff either to resolve the dispute or to effect service in a manner permitted under FRCP Rule 4(f) (it being noted that the 90-day limit for service under Rule 4(m)

does not apply in instances, such as is here the case, where each of the defendants resides and is located outside the United States).

                                                     Respectfully yours,

                                                     *Jeffrey C. Dannenberg*

                                                     Jeffrey C. Dannenberg